SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
Elizabeth M. Levy (SBN 268926)
elevy@seyfarth.com
Heather E. Horn (SBN 318242)
hhorn@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
J CHOO USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRANDA KRAL, | Case No. |
| Plaintiff, | **DEFENDANT J CHOO USA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| J CHOO USA, INC., a California Corporation; JARED CHILSTROM, an individual; and DOES 1-100, inclusive, | *[Filed Concurrently With Declaration Of Jessica Baviello In Support; Declaration Of Heather E. Horn In Support; Corporate Disclosure Statement; Notice Of Interested Parties; Civil Cover Sheet; And Proof Of Service]* |
| Defendants. | [Removed from Los Angeles County Superior Court, Case No. 23STCV21828] |

# TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................1

II.     TIMELINESS OF REMOVAL .......................................................................2

III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP .........................4

        A.    Plaintiff Is A Citizen Of California .....................................................4

        B.    Defendant "J Choo USA, Inc.," Is Not A Citizen of California ...................5

        C.    Defendant Jared Chilstrom's Citizenship Should Be Disregarded Because He is A Sham Defendant ........................................6

              1.    Conduct Allegedly Carried Out By Defendant Jared Chilstrom ..........8

              2.    Defendant Jared Chilstrom Is A Sham Defendant Because The Lack Of Severe Or Pervasive Conduct Based Upon Sex/Gender or Sexual Orientation Precludes Personal Liability On Her Workplace Harassment Claim ........................................9

              3.    Defendant Chilstrom Is A Sham Defendant Because The Alleged Conduct Complained Of Was Neither Extreme Nor Outrageous; Therefore, Plaintiff's IIED Claim Fails ........................11

              4.    Plaintiff's IIED Claim is Preempted By The Exclusive Remedies Of California's Workers' Compensation Act ...................11

        D.    Doe Defendants May Be Disregarded..................................................13

IV.     AMOUNT IN CONTROVERSY ........................................................13

        A.    Plaintiff's Claims Exceed 75,000......................................................14

        B.    Lost Earnings and Other Employment Benefits ...........................16

        C.    Emotional Distress Damages ........................................................17

        D.    Attorney's Fees and Costs Also Could Exceed $75,000 ...............18

        E.    Punitive Damages.........................................................................19

V.      VENUE .........................................................................................20

VI.     NOTICE OF REMOVAL ................................................................20

VII.    RESERVATION OF RIGHTS .........................................................21

VIII.   PRAYER FOR REMOVAL .............................................................21

i

305592264v.2

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Balisteri v. Pacifica Police Dep't,*
 901 F.2d 696 (9th. Cir. 1990) ................................................................................ 7

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007).............................................................................................. 7

*Brill v. Countrywide Home Loans, Inc.,*
 427 F.3d 446 (7th Cir. 2005) .............................................................................. 14

*Burns v. Windsor Ins. Co.,*
 31 F.3d 1092 (11th Cir. 1994) ............................................................................ 15

*Conrad Assocs. v. Hartford Accident & Indem. Co.,*
 994 F. Supp. 1196 (N.D. Cal. 1998)................................................................... 14

*Davenport v. Mut. Benefit Health & Accident Ass'n,*
 325 F.2d 785 (9th Cir. 1963) ........................................................................ 14, 19

*Davenport v. Mutual Ben. Health & Acc. Ass'n,*
 325 F.3d 785 (9th Cir. 1963) .............................................................................. 16

*Davis v. HSBC Bank Nevada, N.A.,*
 557 F.3d 1026 (9th Cir. 2009) .......................................................................... 5, 6

*Dodson v. Spillada Maritime Corp.,*
 951 F.2d 40 (5th Cir. 1992) .................................................................................. 6

*Emrich v. Touche Ross & Co.,*
 846 F.2d 1190 (9th Cir. 1988) ............................................................................ 13

*Fristoe v. Reynolds Metals, Co.,*
 615 F.2d 1209 (9th Cir. 1980) ............................................................................ 13

*Fritsch v. Swift Transportation Company of Arizona, LLC,*
 899 F.3d 785 (9th Cir. 2018) .............................................................................. 16

*Galt G/S v. JSS Scandinavia,*
 142 F. 3d 1150 (9th Cir. 1998) ................................................................ 14, 16, 18

ii

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) .................................................................. 14

*Harris v. Bankers Life & Cas. Co.*,
   425 F.3d 689 (9th Cir. 2005) ................................................................... 3

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ................................................................... 4

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................. 4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................... 15

*Kenny v. Wal-Mart Stores, Inc.*,
   881 F.3d 786 (9th Cir., Feb. 1, 2018) ..................................................... 3

*Kroske v. U.S. Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005) ................................................................. 16

*Labastida v. McNeil Technologies, Inc.*
   (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169 ............. 15

*Lewis v. Time, Inc.*,
   83 F.R.D. 455 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983)...................... 7

*Matheson v. Progressive Specialty Ins. Co.*,
   319 F.3d 1089 (9th Cir. 2003) ............................................................... 15

*McCabe v. Gen. Foods Corp.*,
   811 F.2d 1336 (9th Cir. 1987) ............................................................ 6, 7

*Meritor Savings Bank v. Vinson*,
   477 U.S. 57 (1986) ............................................................................... 10

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) ............................................................. 6, 7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999)............................................................................... 3

*Nguyen v. Durham Sch. Servs. L.P.*,
   2016 WL 3436381 (C.D. Cal. June 16, 2016) ....................................... 11

iii

*Peacock v. Quest Diagnostics*,
    2010 WL 6806990 (C.D. Cal.) ........................................................ 18

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998) ........................ 6, 7

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) .......................................................... 3

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ........................................................ 13, 14

*Singer v. State Farm Mut. Auto Ins. Co.*,
    116 F.3d 373 (9th Cir. 1997) .......................................................... 15

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) .......................................................... 4

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
    538 U.S. 408 (2003) ................................................................. 19

*The Hertz Corp. v. Friend*,
    130 S. Ct. 1181 (2010) ............................................................. 5, 6

*Toth v. Guardian Indus. Corp.*,
    2012 WL 468244 (E.D. Cal. Feb. 13, 2012) ............................................. 7

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ........................................................ 13

*Ward v. Cadbury Schweppes Bottling Grp.*,
    2011 WL 7447633 (C.D. Cal) ..................................................... 18, 20

**State Cases**

*Aboulafia v. GACN Inc.*,
    2013 WL 8115991 (Los Angeles Sup. Ct.) ............................................. 18

*Aboulida v. GACN Inc.*,
    2013 WL 811991 (Los Angeles Sup. Ct.) ............................................. 20

*Ankeny v. Lockheed Missiles and Space Co.*,
    88 Cal. App. 3d 531 (1979) .......................................................... 11

DEFENDANT J CHOO USA, INC.'S NOTICE OF REMOVAL

305592264v.2

*Carroll v. Armstrong,*
    34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento
    County Sup. Ct. Aug. 10, 2016) .............................................................. 17

*Cole v. Fair Oaks Fire Protect. Dist.,*
    43 Cal. 3d 148 (1987) .............................................................................. 12

*Crawford v. DIRECTV, Inc.,*
    2010 WL 5383296 (Los Angeles County Sup. Ct.) ................................. 18

*Davidson v. City of Westminster,*
    32 Cal. 3d 197 (1982) .............................................................................. 11

*Denenberg v. Cal. Dep't of Transp.,*
    2006 WL 5305734 (San Diego County Sup. Ct.) .................................... 18

*Fermino v. Fedco., Inc.,*
    7 Cal. 4th 701 (1994) .............................................................................. 11

*Fisher v. San Pedro Peninsula Hospital,*
    214 Cal. App. 3d 590 (1989) ................................................................... 10

*Hawkins v. City of Los Angeles,*
    2016 WL 8649664 (Los Angeles County Sup. Ct. Jun. 17, 2016)............ 17

*Hoeper v. City and County of San Francisco,*
    CGC-15-543553, 2017 WL 1136098 (San Francisco County Sup. Ct.
    Mar. 17, 2017).......................................................................................... 17

*Horn v. Bradco Int'l, Ltd.,*
    232 Cal. App. 3d 653 (1991) ................................................................... 12

*Hughes v. Pair,*
    46 Cal. 4th 1035 (2009) ........................................................................... 10

*Jones v. R.J. Donovan Corr. Facility,*
    152 Cal. App. 4th 1367 (2007) ................................................................ 12

*Lane v. Hughes Aircraft Co.,*
    22 Cal. 4th 405 (2000) ............................................................................. 19

*Leimandt v. Mega RV Corp.,*
    2011 WL 2912831 (Orange County Sup. Ct.)........................................... 18

DEFENDANT J CHOO USA, INC.'S NOTICE OF REMOVAL

305592264v.2

*Livitsanos v. Superior Court*,
   2 Cal. 4th 744 (1992) ........................................................................ 12

*Lyle v. Warner Bros. Television Prods.*,
   38 Cal. 4th 264 (2006) ...................................................................... 10

*Mokler v. County of Orange*,
   157 Cal. App. 4th 121 (2007) ........................................................... 10

*Sargent v. Board of Trustees of Cal. State Univ.*,
   2017 WL 2617753 (Sonoma County Sup. Ct. Mar. 15, 2017) ................ 17

*Silverman v. Stuart F. Cooper Inc.*,
   2013 WL 5820140 (Los Angeles Sup. Ct.) .......................................... 17

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
   2013 WL 7852947 (Los Angeles Sup. Ct.) .......................................... 18

*Welch v. Ivy Hill Corp.*,
   2011 WL 3293268 (Los Angeles Sup. Ct.) .......................................... 18

*Young v. Dept. of Public Social Servs.*,
   Case No. BC609911 (October 26, 2022 verdict) ................................... 17

*Yurick v. Superior Court*,
   209 Cal. App. 3d 1116 (1989) ........................................................... 11

**Federal Statutes**

28 U.S.C. 1332(c)(1) ........................................................................... 5

28 U.S.C. § 84(c) ................................................................................ 20

28 U.S.C. § 1332 ............................................................................ 1, 13

28 U.S.C. § 1332(a) ........................................................................ 4, 14

28 U.S.C. § 1332(a)(1) .................................................................... 4, 20

28 U.S.C. § 1332(c)(1) ......................................................................... 5

28 U.S.C. § 1441(a) ............................................................. 1, 4, 13, 20

28 U.S.C. § 1441(b) .............................................................................. 1

28 U.S.C. § 1446 .................................................................................. 3

vi

28 U.S.C. § 1446 (a) ........................................................................................ 20, 21

28 U.S.C. § 1446(b) ............................................................................................... 3

28 U.S.C. § 1446(d) ............................................................................................. 20

**State Statutes**

Cal. Civ. Proc. Code § 415.10 ............................................................................... 3

Cal. Lab. Code § 3600(a) ..................................................................................... 11

Cal. Lab. Code § 3602(a) ..................................................................................... 11

California Workers' Compensation Act ........................................................ 8, 11, 12

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................... 7

DEFENDANT J CHOO USA, INC.'S NOTICE OF REMOVAL

305592264v.2

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF MIRANDA KRAL AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant J CHOO USA, INC. ("Defendant"), a corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business in the State of New York, hereby files this notice of removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to remove the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, and states that the removal is proper for the following reasons:

## I. BACKGROUND

1. On September 11, 2023, Plaintiff Miranda Kral, ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*MIRANDA KRAL, vs. J CHOO USA, INC; JARED CHILSTROM, an individual; and DOES 1-100, Defendants,*" designated as Case No. 23STCV21828 ("Complaint"). A true and correct copy of the Complaint is attached to the Declaration of Heather E. Horn in support of this Notice of Removal ("Horn Declaration" )as **Exhibit A**. (Horn Decl., ¶ 2.)

2. The Complaint alleges ten causes of action: (1) "Sex/Gender Harassment"; (2) "Sex/Gender Discrimination"; (3) "Sex/Gender Retaliation"; (4) "Sexual Orientation Harassment"; (5) "Sexual Orientation Discrimination"; (6) "Sexual Orientation Retaliation"; (7) "Failure to Prevent and Investigate Harassment, Discrimination, and/or Retaliation"; (8) "Whistleblower Violations" (9) "Retaliation and Constructive Wrongful Termination in Violation of Public Policy" ; (10) "Intentional Infliction of Emotional Distress."  Plaintiff also asserts her First, Fourth, and Tenth Causes of Actions against individual Defendant Jared Chilstrom.

3. On September 21, 2023, Defendant received, via process server, the Summons, Complaint, Civil Case Cover Sheet, Stipulation Package, and Alternate

Dispute Resolution Information Package. A true and correct copy of the packet is attached to the Declaration of Heather E. Horn in support of this Notice of Removal as **Exhibit A**.

4.    As of the time of filing of the Notice of Removal, "Jared Chilstrom" has not been served.

5.    On October 18, 2023, Defendant timely filed its Answer to Plaintiff's Complaint in Los Angeles County Superior Court.  A true and correct copy of Defendant J. Choo USA, Inc.'s Answer to Plaintiff's Complaint is attached the Horn Decl. as **Exhibit B**.

6.    Defendant has not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A and B** in this action prior to this Notice of Removal.  (Declaration of Heather E. Horn ("Horn Decl."), ¶ 4.)

7.    As discussed in greater detail below, J Choo, USA, Inc., is a citizen of Delaware and New York.

8.    Plaintiff also names "Jared Chilstrom" as a "sham" defendant, such that for purposes of diversity of citizenship jurisdiction, the individual defendant must be disregarded.

9.    As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendant J Choo, USA, Inc., is not a citizen of California and the amount in controversy exceeds $75,000.00.

## II.    TIMELINESS OF REMOVAL

10.    On September 21, 2023, Defendant received, via process server, the Summons, the Complaint, ("Horn Decl."), ¶ 2; *see also* Ex. A.)  Additionally, counsel for Defendant retrieved the Notice of Case Assignment, Notice of Case Management Conference, Order to Show Cause re Failure to File Proof of Service as to Defendant Jared Chilstrom scheduled for November 13, 2023 from the Los Angeles Superior Court's website.  *Id*.

DEFENDANT J CHOO USA, INC.'S NOTICE OF REMOVAL

11.     The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)).

12.     This Notice of Removal is timely, as it is being filed within thirty (30) days of service of the Summons and Complaint on September 21, 2023, and within one year of the commencement of this action.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery").

13.     Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, together with Defendant's Notice to State Court and to Adverse Party of Removal.  Prior to this Notice of Removal, Defendant has not filed or received any other pleadings or papers in this action, other than the pleadings and papers attached as Exhibit A and Exhibit B to the Horn Declaration. (Horn Decl., ¶ 4.)

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

14.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1332(a) as the amount in controversy for Plaintiff's claims exceed $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this action is removable under 28 U.S.C. section 1441(a).

### A.    Plaintiff Is A Citizen Of California

15.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

16.    Here, Plaintiff's allegation in the Complaint that she is a resident of the State of California is *prima facie* evidence of domicile, and therefore Plaintiff is a citizen of the State of California.  The Complaint alleges that, "Plaintiff was, and now is, an individual residing and/or domiciled in the County of Los Angeles, State of California.." (*See* **Ex. A**, Compl., ¶ 1.) Additionally, pursuant to Plaintiff's administrative charge that was filed with the California Civil Rights Department on June 30, 2023 states that Plaintiff resides in the State of California.  (*See* **Ex. A**, Compl., Ex. B)

17.    Plaintiff's domicile in California is also confirmed by a LexisNexis public records search through October 4, 2023.  This search shows that, at all times relevant, Plaintiff has had an address in Los Angeles county in zip codes 91351 and 95542 Additionally, during the relevant period of November 2021 to present, the LexisNexis records do not show addresses for Plaintiff other than in the State of California during her employment with Defendant or thereafter.  (Horn Decl., ¶ 6, **Ex. D**.)  In addition,

4

Defendant's personnel records reflect that Plaintiff maintained an address in California at all times during her employment with Defendant.  (Jessica Baviello Decl., ¶ 10.)

18.    Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.    Defendant "J Choo USA, Inc.," Is Not A Citizen of California**

19.    Defendant J Choo USA, Inc. is now, and, at all times since the commencement of this action has been, a citizen of a State **other** than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center." *The Hertz Corp.*, 130 S. Ct. at 1192.

20.    Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware.  (Baviello Decl., ¶ 6.)  Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of New York.  (*Id.*, at ¶7.)

21.    Pursuant to *Davis*, 557 F.3d at 1029 and *The Hertz Corp.*, 130 S. Ct. at 1192, Defendant's principal place of business is in New York because its "nerve center" is located in that state.  Defendant's corporate headquarters is located in New York, New York where some of Defendant's high level corporate officers direct, control, and coordinate its executive and administrative operations, including operations related to the

1    creation and administration of company-wide policies and procedures.(Baviello Decl., ¶

2    7.)

3        22.    Pursuant to *Davis*, 557 F.3d at 1029 and *The Hertz Corp.*, 130 S. Ct. at 1192,

4    Defendant's principal place of business is New York because its "nerve center" is located

5    in that state.  Defendant's principal place of business and corporate headquarters are

6    located in New York, New York, where its high level officers, including President of

7    Jimmy Choo North America, and Vice President of Retail at Jimmy Choo, direct, control,

8    and coordinate its activities.  Defendant's high level corporate officers maintain offices in

9    New York, New York, and many of Defendant's corporate level functions such as

10   finance, accounting and legal are also performed in the New York offices. (*Id.*)

11       23.    Therefore, for purposes of diversity of citizenship, Defendant J Choo USA,

12   Inc. is, and has been at all times since this action commenced, a citizen of the State of

13   Delaware and New York and diversity exists between Plaintiff and Defendant.

14       **C.    Defendant Jared Chilstrom's Citizenship Should Be Disregarded Because He is A Sham Defendant**

15   
16       24.    Defendant Jared Chilstrom must be disregarded for purposes of diversity

17   because he is a sham defendant; that is, he cannot be found liable as a matter of law.

18   *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding

19   that removal based on diversity of citizenship was proper and that district court

20   "correctly ignored" joinder of a resident defendant after it was shown that plaintiff

21   "could not possible prevail" on her claim against the resident defendant); *Dodson v.*

22   *Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (finding fraudulent joinder of

23   non-diverse defendants where there was "no possibility that [plaintiff] would be able to

24   establish a cause of action against them").

25       25.    Defendant Chilstrom is a sham defendant because he has been fraudulently

26   named.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)

27   ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), *cert.*

28   *denied*, 525 U.S. 963 (1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d  1336, 1339 (9th

6

Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. CAL. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

26.    Joinder of a defendant is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey*, 139 F.3d at 1318 ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") (quoting *McCabe*, 811 F.2d at 1339)).

27.    When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham of fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

28.    The applicable standard parallels the standard used in deciding motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Morris*, 236 F. 3d. at 1067-68. As such, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (allegations must contain "plausible grounds to infer" that plaintiff is entitled to relief). Further, the claim fails where it lacks facts sufficient to support a cognizable legal theory. *Balisteri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th. Cir. 1990); *see also Toth v. Guardian Indus. Corp.*, 2012 WL 468244, at *5 (E.D. Cal. Feb. 13, 2012) (motion for remand denied where defamation claim against individual defendant was insufficiently plead).

7

29.    Here, Plaintiff has fraudulently named Defendant Chilstrom– an individual– as a defendant to her First, Fourth, and Tenth Causes of Action for "Harassment on the Basis of Sex/Gender"; "Harassment on the Basis of Sexual Orientation"; and "Intentional Infliction of Emotional Distress."  However, the claims against Defendant Chilstrom are not viable for several reasons: (1) the harassment claim fails because Plaintiff cannot establish that the conduct was severe or pervasive; (2) the IIED claim fails because the conduct was not extreme or outrageous; and (3) Plaintiff's claims for alleged emotional distress damages are preempted by the Workers' Compensation Act.

## 1.    Conduct Allegedly Carried Out By Defendant Jared Chilstrom

30.    Here, Plaintiff's allegations demonstrate that Jared Chilstrom's conduct cannot give rise to liability.  The sum total of allegations raised by Plaintiff against Jared Chilstrom are:

a.    Defendant JARED CHILSTROM was an Owner, Manager, Supervisor, Managing Agent, and/or Employee of Defendant J CHOO USA, INC. (Ex. A ¶ 3)

b.    "Defendant CHILSTROM would regularly, on a daily basis, make demeaning and harassing sex/gender-based comments to Plaintiff about female customers' bodies, including without limitation: "She needs a boob job," "Her ass is fake," "She looks like shit," "Her butt is bad," and "She needs to go my doctor [for cosmetic surgery]." Defendant CHILSTROM would criticize female customer who did not make a purchase by calling them "trolls." (Ex. A ¶ 9(a))

c.    To harass Plaintiff, Defendant CHILSTROM repeatedly told Plaintiff that he did not respect her because of her sex/gender, saying "I come from a Jewish household and Jewish men don't respect women." (Ex. A ¶ 9(b))

d.    "To harass Plaintiff, Defendant CHILSTROM told her that Matt, a stocker in the store, did not like her "because you are a girl." CHILSTROM also told Plaintiff, "Matt

8

does not respect women, [he] does not respect you.." (Ex. A ¶ 9(c))

e.    "To harass Plaintiff, Defendant CHILSTROM made other harassing sex/gender based comments in Plaintiff's presence, including without limitation: "your man is hot", and "I'm going to take your man" about other women in the store who brought their partners in. CHILSTROM also referred to his 8 year old niece as a "bitch" (Ex. A ¶ 9(d))

f.    "In or around June 2022, while Plaintiff and CHILSTROM were alone in the store, to harass Plaintiff, CHILSTROM verbally attacked Plaintiff, including by making the following statements to her: "you should change if you want to be liked," "you need to watch your back", "you're very overzealous and everyone sees it," and "you should no longer work in retail and get a 9 to 5 job." CHILSTROM also told Plaintiff that he knew where her family lived. Plaintiff left the store shaking and crying." (Ex. A ¶ 9(g))

g.    "In or around early July 2022, CHILSTROM took a customer from Plaintiff while Plaintiff was helping the customer pick up a prepaid pair of shoes. Plaintiff handed the shoes to CHILSTROM and went to the stock room to get shoes for another customer. To harass Plaintiff, CHILSTROM, who was irate, confronted Plaintiff in the stock room with Store Manager Olson present. CHILSTROM told Plaintiff, without limitation, "you need to stop," "you choose and pick who you want to work with, you're extremely disrespectful." CHILSTROM then said to Olson, in front of Plaintiff, "I don't fucking know her, I don't know this woman, take her.." (Ex. A ¶ 9(k)).

2.    **Defendant Jared Chilstrom Is A Sham Defendant Because The Lack Of Severe Or Pervasive Conduct Based Upon Sex/Gender or Sexual Orientation Precludes Personal Liability On Her Workplace Harassment Claim**

31.    The conduct attributed to Defendant Jared Chilstrom by Plaintiff cannot support a claim for harassment based upon sex, gender or sexual orientation because the

9

comments attributable to Chilstrom, many of which are completely unrelated to sex, gender or sexual orientation, do not amount to severe or pervasive conduct, as a matter of law, to constitute unlawful harassment.

32.     Plaintiff must prove she was subjected to harassing conduct because of her sex/gender, and sexual orientation that was sufficiently severe or pervasive so as to alter the conditions of her employment. *Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 608 (1989).  The gravamen of a harassment claim is that, to be actionable, the conduct at issue is so severe or pervasive as to create an abusive working environment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986).  "In determining what constitutes 'sufficiently pervasive' harassment, the courts have held acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 142 (2007).

33.     Defendant Chilstrom's isolated comments cannot be considered severe because there was no physical threat or harm. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1049 (2009) (summary judgment affirmed for the employer; "employment law acknowledges that an isolated incident of harassing conduct may qualify as 'severe' when it consists of a physical assault or threat thereof"); *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 284 (2006) (same).

34.     Further, Defendant Chilstrom's conduct cannot be considered severe or pervasive because even repeated instances of verbal abuse, profane language, and threats of job loss are insufficient. *See e.g., Hughes*, 46 Cal. 4th at 1049 (summary judgment affirmed for the employer; a supervisory employee threatened plaintiff's job and plaintiff was told "I'll get you on your knees eventually. I'm going to fuck you one way or another;" "Most reasonably construed, defendant's comment was a threat … of financial retaliation").

10

3.  **Defendant Chilstrom Is A Sham Defendant Because The Alleged Conduct Complained Of Was Neither Extreme Nor Outrageous; Therefore, Plaintiff's IIED Claim Fails**

35.    An essential element of an IIED claim is that the defendant engaged in "extreme and outrageous" conduct.  *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).  Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  *Ankeny v. Lockheed Missiles and Space Co.*, 88 Cal. App. 3d 531, 536 (1979).  "[O]utrageous conduct is that which is the most extremely offensive."  *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1129 (1989) (holding that a supervisors conduct, while "objectively offensive and in breach of common standards of civility, was not so egregiously outside the realm of civilized conduct as to give rise to actionable infliction of emotional distress").  Plaintiff has not pleaded conduct even approaching the requisite standard of "extreme and outrageous."

4.  **Plaintiff's IIED Claim is Preempted By The Exclusive Remedies Of California's Workers' Compensation Act**

36.    Because Plaintiff's allegations are based on conduct that is part of the normal employment relationship (conversations about customers, verbal spats over sales, etc.) the harassment and IIED claims are preempted by the California Workers' Compensation Act ("WCA").  *Nguyen v. Durham Sch. Servs. L.P.*, 2016 WL 3436381, at *3 (C.D. Cal. June 16, 2016) (denying motion to remand and finding individual defendant was a sham defendant and noting, "the California Supreme Court held that such claims are preempted by the WCA because '[t]he kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship.'").

37.    Here, all of the conduct attributed to Chilstrom are comments which he made to Plaintiff, a co-worker, while at work.  The WCA expressly provides that it is "the sole and exclusive remedy for the employee" for all injuries "arising out of and in the course of employment."  Cal. Lab. Code §§ 3600(a), 3602(a); *Fermino v. Fedco., Inc.*, 7 Cal. 4th 701, 713 (1994) ("If the everyday actions of employment were in fact carried out in a manner deliberately intended to cause the employee harm, then the

11

injured employee could arguably claim a right to extra compensation under section 4553, but could not initiate a civil action.").  Where, as here, alleged emotional distress is caused by the employment relationship, there can be no separate or independent tort cause of action outside a claim for workers' compensation benefits.

38.    In *Cole v. Fair Oaks Fire Protect. Dist.*, 43 Cal. 3d 148 (1987), the California Supreme Court held that the WCA bars emotional distress claims, such as Plaintiff's, which arise from the employment relationship.  In *Cole*, the plaintiff claimed she suffered from emotional distress as a result of her supervisor's "campaign of harassment and job demotion" and, based on these allegations, filed a claim for IIED.  *Id.* at 152.  The California Supreme Court rejected the plaintiff's emotional distress claim based on the exclusive remedy provision of the WCA, holding as follows:

> An employee suffering emotional distress . . . may not avoid the exclusive remedy provisions of the [WCA] by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance. . . .

*Id.* at 160.

39.    Following the holding in *Cole*, the California Supreme Court and Appellate Courts have repeatedly held in subsequent cases that emotional distress claims are barred by the exclusive remedy provisions of the WCA.  *See, e.g.*, *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 752 (1992) ("[T]he proposition that intentional or egregious conduct is necessarily outside the scope of the workers' compensation scheme is erroneous. . . .  Even intentional 'misconduct' may constitute a 'normal part of the employment relationship.'"); *Jones v. R.J. Donovan Corr. Facility*, 152 Cal. App. 4th 1367, 1382 (2007) (holding that a claim of infliction of emotional distress based on alleged discrimination and harassment was void because "[e]ven if the discriminatory conduct [the plaintiff] complained about may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions") (internal quotations and citations omitted); *Horn v. Bradco Int'l, Ltd.*, 232 Cal. App. 3d 653, 665 (1991) ("injuries sustained and arising out of the course of

12

employment are governed by the exclusive remedy provisions of workers' compensation, . . . even though the employer's conduct might be characterized as egregious and ulteriorly motivated.").

40.    Here, Plaintiff's IIED claim fails.  Courts have routinely applied the workers' compensation preemption doctrine to prohibit claims of emotional distress arising from alleged harassment and IIED at work

### D.    Doe Defendants May Be Disregarded

41.    Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1191 n.1 (9th Cir. 1988) (doe defendants need not join in removal); *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe Defendants 1 through 100, does not deprive this Court of jurisdiction.

## IV.    AMOUNT IN CONTROVERSY

42.    While Defendant J Choo USA, Inc. denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

43.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its

13

assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

44.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

45.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.    Plaintiff's Claims Exceed 75,000

46.    Courts routinely find removal appropriate in employment discrimination and retaliation cases, even when the alleged lost wages do not exceed the jurisdictional amount at the time of the removal, because of the possibility of substantial punitive damages, emotional distress damages and attorneys' fee awards.

47.    The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint. *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). Therefore, Defendant needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005).  A defendant

14

is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Id.*

48.     In the Complaint, Plaintiff alleges ten causes of action against Defendant J Choo USA, Inc. for: (1) "Sex/Gender Harassment"; (2) "Sex/Gender Discrimination"; (3) "Sex/Gender Retaliation"; (4) "Sexual Orientation Harassment"; (5) "Sexual Orientation Discrimination"; (6) "Sexual Orientation Retaliation"; (7) "Failure to Prevent and Investigate Harassment, Discrimination, and/or Retaliation"; (8) "Whistleblower Violations" (9) "Retaliation and Constructive Wrongful Termination in Violation of Public Policy" ; (10) "Intentional Infliction of Emotional Distress." Thus, it is more likely than not that the amount in controversy exceeds $75,000.

49.     Further, Plaintiff claims general and special damages, including, but not limited to, interest, attorney's fees, penalties, costs, expenses, wages, monetary compensation for discrimination, punitive damages, and emotional damages.  (*See* Ex. A, Complaint, ¶146 Relief, at ¶¶ 1-14).

50.     In establishing the amount in controversy, this burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id*. at 1204-05. When determining whether a civil action exceeds the $75,000 jurisdictional amount in controversy requirement, the Court looks to "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *Labastida v. McNeil Technologies, Inc*. (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169, at *3.  The Court must presume the plaintiff will prevail on each and every one of her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v.*

*Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")). Accordingly, general, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See, e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. [citations]"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." (citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998)); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155, 1156 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n,* 325 F.3d 785-87 (9th Cir. 1963).

### B. <u>Lost Earnings and Other Employment Benefits</u>

51.    Plaintiff was employed as a Sales Associate by Defendant from November 2021 to August 18, 2022. (**Ex. A**, Compl., ¶7; Baviello Decl., ¶ 8 )

52.    At the time of her termination, Plaintiff earned $16.04 per hour. (Baviello Decl., ¶ 9.) Given that Plaintiff alleges that she was wrongfully terminated on August 18, 2022, and has lost wages, she has allegedly incurred over fourteen months of lost compensation to date. (**Ex. A**, Compl., ¶ 9.) Plaintiff's approximate annual income would be at least $29,192.80, based on the calculation of $16.04 (hourly rate) x 35 (average hours per week at termination) x 52 weeks. Accordingly, Plaintiff has already incurred at least $33,684 of lost compensation (hourly rate of $16.04 X 35 hours per week X 60 weeks (June 29, 2021 to February 22, 2022)). Assuming a conservative trial date of one year after Plaintiff's filing of the Complaint, over 108 weeks will have elapsed since Plaintiff's termination, bringing the amount of lost compensation to approximately **$60,631.20.**

305592264v.2

53.    Based on Plaintiff's allegations, should Plaintiff prevail, it is more likely than not that he would recover over $75,000 in damages as there have been, in recent years, several verdicts in discrimination, retaliation, and wrongful termination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  *See, e.g.*, *Hoeper v. City and County of San Francisco*, CGC-15-543553, 2017 WL 1136098 (San Francisco County Sup. Ct. Mar. 17, 2017) ("jury found for the plaintiff and awarded her $601,630 in past lost earnings, $136,318 in future lost earnings, and $1,291,409 for emotional distress, mental anguish and humiliation"); *Sargent v. Board of Trustees of Cal. State Univ.*, 2017 WL 2617753 (Sonoma County Sup. Ct. Mar. 15, 2017) ("jury found in favor of Sargent on his whistleblower retaliation claim, awarding him $152,980 in past economic damages, $118,915 in future economic damages"); *Carroll v. Armstrong*, 34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento County Sup. Ct. Aug. 10, 2016) ("jury found for the plaintiff and awarded her $481,225.00 for past lost earnings, $932,200 for future lost earnings, $681,103 for future pension plan benefits, and $750,000 for emotional distress, pain and suffering"); *Hawkins v. City of Los Angeles*, 2016 WL 8649664, VX541066, (Los Angeles County Sup. Ct. Jun. 17, 2016) (plaintiff "was awarded $88,531 in economic damages and $150,000 in non-economic damages"); *Young v. Dept. of Public Social Servs.*, Case No. BC609911 (October 26, 2022 verdict) ($3,500,000 verdict on plaintiff's claims for retaliation in violation of FEHA and whistleblower retaliation.).

54.    Defendant has attached these discrimination, retaliation, and wrongful termination cases and verdicts as **Exhibit E** to the concurrently filed Horn Declaration. (Horn Decl., ¶ 9.)

### C.    Emotional Distress Damages

55.    Plaintiff's Complaint alleges that she suffered "emotional distress" (*See* **Exh**. **A**, Compl., ¶ ¶ 16, 29, 43, 58, 73, 87, 109-110, 126, 130, 136-137, 139, 142, 145, 34, 38-42.).  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.  *See Silverman v. Stuart F.*

17

*Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

56.    Plaintiff's allegations of emotional distress are similar to the issues raised in these cases.  Defendant has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

### D.    <u>Attorney's Fees and Costs Also Could Exceed $75,000</u>

57.    Plaintiff claims that she is entitled to attorneys' fees and costs. . (*See* Horn Decl.,Ex. A, Complaint, ¶146; Relief, at ¶¶9, 12-13 ). Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

58.    Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego

18

305592264v.2

County Sup. Ct.) (attorneys' fees award of $490,000 for claims). Defendant has attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Heather E. Horn for the Court's review.

59.    Defendant anticipates depositions being taken in this case, and that ultimately, Defendants will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000.00 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000.00 if the case proceeds to trial. (Horn Decl., ¶ 8.)

### E.    **Punitive Damages**

60.    Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (*See* Ex. A, Complaint, ¶146, Relief, ¶ 10.)

61.    Plaintiff's employer, Defendant J Choo USA, Inc,, is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant."). In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award . . . That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors. . . ."

19

(internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

62. Courts have affirmed jury verdicts in cases with claims similar to Plaintiff's claims often exceed $75,000, especially when they include punitive damages, which Plaintiff also seeks. *See, e.g., Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

63. Based upon the allegations contained in the Complaint, Defendant J Choo USA, Inc. is informed and believe that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the parties is in excess of $75,000.00, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## V. VENUE

64. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446 (a), and 84(c). This action originally was brought in the Superior Court of California, County of Los Angeles, which is located within the Central District of the State of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI. NOTICE OF REMOVAL

65. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

66.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

67.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A and B** to the concurrently filed Declaration of Heather E. Horn.

## VII.    RESERVATION OF RIGHTS

68.    By filing this Notice of Removal, Defendant does not concede nor waive any defense to this action.

## VIII.    PRAYER FOR REMOVAL

69.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: October 20, 2023               Respectfully submitted,

                                      SEYFARTH SHAW LLP


                              By: _____

                                      Dana L. Peterson
                                      Elizabeth M. Levy
                                      Heather E. Horn
                                      Attorneys for Defendant
                                      J CHOO USA, INC.

21

305592264v.2