ADAM REISNER, ESQ. (State Bar No. 204351)
adam@reisnerlaw.com
TESSA KING, ESQ. (State Bar No. 251408)
tessa@reisnerlaw.com
IAN STERLING, ESQ. (State Bar No. 302941)
ian@reisnerlaw.com
REISNER & KING LLP
15303 Ventura Blvd, Suite 1260
Sherman Oaks, California 91403
Phone:  (818) 981-0901
Fax:      (818) 981-0902

Attorneys for Plaintiff **MIRANDA KRAL**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIRANDA KRAL,<br><br>Plaintiff,<br><br>v.<br><br>J CHOO USA, INC., a California corporation; JARED CHILSTROM, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | ) Case No.: 2:23-CV-08845-MCS-PVC<br>) [Los Angeles Superior Court Case No.<br>) 23STCV21828]<br>)<br>) **DECLARATION OF IAN G.**<br>) **STERLING, ESQ. IN SUPPORT**<br>) **OF PLAINTIFF'S NOTICE OF**<br>) **MOTION AND MOTION TO**<br>) **REMAND AND REQUEST FOR**<br>) **SANCTIONS AGAINST**<br>) **DEFENDANT J CHOO USA, INC.,**<br>) **SEYFARTH SHAW, LLP, DANA**<br>) **L. PETERSON, ESQ.,**<br>) **ELIZABETH M. LEVY, ESQ.,**<br>) **AND HEATHER E. HORN, ESQ.,**<br>) **IN THE AMOUNT OF $8,075.00**<br>) [*Filed concurrently with Notice of*<br>) *Motion and [Proposed] Order;*<br>) *Objections to the Decl of Jessica*<br>) *Baviello; [Proposed] Order on*<br>) *Evidentiary Objections*] |

///

1

**DECLARATION OF IAN G. STERLING ISO MOTION TO REMAND AND REQUEST FOR SANCTIONS**

## DECLARATION OF IAN G. STERLING, ESQ.

I, Ian Sterling, declare as follows:

1. I am an attorney licensed to practice before the courts of the state of California. I have been admitted to practice before this Court.

2. All statements herein are of my own personal knowledge except where stated upon information and belief and of those things I believe them to be true.

3. On October 31, 2023, I sent a meet and confer letter to Defendant JCUSA's counsel via email detailing the deficiencies in JCUSA's Notice of Removal and requested that JCUSA stipulate to remand. A true and correct copy of the email and letter is attached hereto as Exhibit A.

4. I did not receive any response to my email or to the letter, other than an out of office email from one of the three attorneys I sent the email to.

5. Plaintiff has filed her remand motion within thirty days of the removal date.

6. I spent 6 hours preparing Plaintiff's Motion to Remand and Request for Sanctions. I expect to spend an additional 2.5 hours drafting a reply to JCUSA's opposition papers.

7. My hourly rate is $550.00. My hourly rate is reasonable given my experience as an attorney licensed to practice law since 2015.

8. Tessa King, whose hourly rate is $850.00, anticipates spending at least 4 hours preparing for the hearing on this motion and attending the hearing in person.

9. Ms. King's hourly rate is reasonable given her years of experience as an attorney practicing since 2007 and an equity partner of Reisner & King, LLP.

I swear under penalty of perjury of the laws of the state of California that the foregoing is true and correct.

Executed November 17, 2023 at Sherman Oaks, CA.

/s/ Ian Sterling

Declarant

2

**DECLARATION OF IAN G. STERLING ISO MOTION TO REMAND AND REQUEST FOR SANCTIONS**

# EXHIBIT A

## Ian Sterling

| | |
|---|---|
| **From:** | Ian Sterling <ian@reisnerlaw.com> on behalf of Ian Sterling |
| **Sent:** | Tuesday, October 31, 2023 5:27 PM |
| **To:** | dpeterson@seyfarth.com; Levy, Elizabeth M.; Horn, Heather E. |
| **Cc:** | Adam Reisner; Tessa King; Lorina Jasso; Carolina Ceja |
| **Subject:** | Kral v. J Choo USA, et al. - Plaintiff's Meet and Confer re Remand |
| **Attachments:** | Kral MC Letter 10-31-2023.pdf |

Dear Counsel,

Please see the attached letter regarding this matter.

Sincerely,

Ian G. Sterling **|** Attorney

REISNER & KING LLP

Sherman Oaks Galleria

15303 Ventura Blvd. Suite 1260

Sherman Oaks, CA  91403

ian@reisnerlaw.com **|** www.reisnerking.com

Phone: (818) 981-0901  **|**  Fax: (818) 981-0902

***PRIVILEGED & CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS AND WORK PRODUCT -*** *This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, or have been inadvertently and erroneously referenced in the address line, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of the message*

LAW OFFICES OF

# REISNER & KING LLP

15303 VENTURA BLVD., SUITE 1260
SHERMAN OAKS, CALIFORNIA 91403
WWW.REISNERKING.COM

TEL (818) 981-0901
FAX (818) 981-0902

ADAM REISNER
TESSA KING
_____

TRAVIS BECK
TROY CANDIOTTI
IAN STERLING
ZACHARY WAGNER
POLA BERNABE

October 31, 2023

Via Email To: dpeterson@seyfarth.com; elevy@seyfarth.com; hhorn@seyfarth.com

Dana L. Peterson, Esq., Elizabeth M. Levy, Esq., and Heather E. Horn, Esq.
Seyfarth Shaw LLP
2029 Century Park East, Ste. 3500
Los Angeles, CA 90067

**Re: Kral v. J Choo USA, Inc., et al.; Meet and Confer for Remand to State Court**

Dear Counsel,

We are in receipt of your notice of removal to federal court. Please allow this letter to initiate our good-faith attempts to meet and confer regarding the deficiencies in your removal papers and to request that you stipulate to remand immediately.

We understand that your client removed the instant matter based on alleged diversity jurisdiction; however, please be advised that removal was improper based upon the following:

1. <u>Diversity Citizenship Does Not Exist As Defendant Jared Chilstrom is a California Citizen and Is Not A Sham Defendant</u>

To defeat diversity citizenship, the party who invoked the federal court's removal jurisdiction is required to prove by a preponderance of evidence whatever is necessary to support their petition. *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566; see also *B., Inc. v. Miller Brewing Co.* (5th Cir. 1981) 663 F.2d 545, 549. Further, removal statutes are "strictly construe[d] against removal," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d at 566; *see also Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). In the instant matter, Defendant is thereby required to prove diversity citizenship in the face of an immense presumption thereagainst.

As you further know, to defeat diversity citizenship, "[t]he defendant must demonstrate that there is <u>no possibility</u> that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Travis v. Irby* (5th Cir. 2003) 326 F.3d 644, 648; see also *Good v. Prudential Ins. Co. of Am.* (N.D. Cal. 1998), 5 F.Supp.2d 804, 807. Further, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*, (C.D. Cal. 2009), 697

Dana Peterson                                                           *Kral. v. J Choo USA, et al.*
Elizabeth Levy
Heather Horn
October 31, 2023
Page 2

F.Supp.2d 1156, 1159 (brackets in original); *Macey v. Allstate Prop. & Cas. Ins. Co.*, (N.D. Cal. 2002), 220 F.Supp.2d 1116, 1117.  "Because the court must resolve all doubts against removal, we employ a presumption against fraudulent joinder." *Macey*, *supra*, 220 F.Supp.2d at 1117-1118 (citing <u>Gaus</u>, *supra*, 980 F.2d 564 at 566). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original).

You have claimed here that the federal court has diversity due to an exception where a non-diverse defendant has been fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Under the Ninth Circuit' approach to this doctrine, "a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor the plaintiff could not possible recover against the party whose joinder is questioned." *Padilla v. AT & T Corp.*, 679 F. Supp 2d 1156,1158 (C.D. Cal. 2009) (citing *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

Plaintiff Miranda Kral alleges and pleads that Plaintiff and Defendant Jared Chilstrom are each citizens of California. There is thus not complete diversity, and the case must be remanded to state court. Defendants allege that Defendant Chilstrom is a "sham" defendant and that her citizenship should be disregarded for the purpose of establishing diversity jurisdiction under 28 U.S.C. § 1332.

The Complaint explicitly alleges facts of severe and pervasive harassment against Defendant Chilstrom, including sarcastic and derisive comments, threats, and abusive conduct. Firstly, it is alleged in paragraph 9(a), on page 3-4 that:

> *"Defendant CHILSTROM would regularly, on a daily basis, make demeaning and harassing sex/gender-based comments to Plaintiff about female customers' bodies, including without limitation: 'She needs a boob job,' 'Her ass is fake,' 'She looks like shit,' 'Her butt is bad,' and 'She needs to go my doctor [for cosmetic surgery].' Defendant CHILSTROM would criticize female customer who did not make a purchase by calling them 'trolls'."*

In paragraph 9(b), on page 4, Plaintiff alleges that:

> *"To harass Plaintiff, Defendant CHILSTROM repeatedly told Plaintiff that he did not respect her because of her sex/gender, saying 'I come from a Jewish household and Jewish men don't respect women.'"*

In paragraph 9(c), on page 4, Plaintiff alleges that:

> *"To harass Plaintiff, Defendant CHILSTROM told her that Matt, a stocker in the store, did*

Dana Peterson                                                        *Kral. v. J Choo USA, et al.*
Elizabeth Levy
Heather Horn
October 31, 2023
Page 3

> *not like her 'because you are a girl.' CHILSTROM also told Plaintiff, 'Matt does not respect women, [he] does not respect you.'"*

In paragraph 9(d), on page 4, Plaintiff alleges that:

> *"To harass Plaintiff, Defendant CHILSTROM made other harassing sex/gender based comments in Plaintiff's presence, including without limitation: 'your man is hot', and 'I'm going to take your man' about other women in the store who brought their partners in. CHILSTROM also referred to his 8 year old niece as a 'bitch'."*

In paragraph 9(g), on page 4, Plaintiff alleges that:

> *"In or around June 2022, while Plaintiff and CHILSTROM were alone in the store, to harass Plaintiff, CHILSTROM verbally attacked Plaintiff, including by making the following statements to her: 'you should change if you want to be liked,' 'you need to watch your back', 'you're very overzealous and everyone sees it,' and 'you should no longer work in retail and get a 9 to 5 job.' CHILSTROM also told Plaintiff that he knew where her family lived. Plaintiff left the store shaking and crying."*

In paragraph 9(k), on page 4, Plaintiff alleges that:

> *"In or around early July 2022, CHILSTROM took a customer from Plaintiff while Plaintiff was helping the customer pick up a prepaid pair of shoes. Plaintiff handed the shoes to CHILSTROM and went to the stock room to get shoes for another customer. To harass Plaintiff, CHILSTROM, who was irate, confronted Plaintiff in the stock room with Store Manager Olson present. CHILSTROM told Plaintiff, without limitation, 'you need to stop,' 'you choose and pick who you want to work with, you're extremely disrespectful.' CHILSTROM then said to Olson, in front of Plaintiff, 'I don't fucking know her, I don't know this woman, take her.'"*

Moreover, pursuant to Cal. Gov. Code § 12923(b), as amended, "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the hostile conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." In light thereof, and because Defendant has made no claims that Defendant Chilstrom is not domiciled in California, removal is improper because diversity does not, and cannot, exist. See *Padilla*, *supra*, 697 F.Supp.2d at 1159.

With regard to Defendants' contention that the allegations against Chilstrom do not amount to extreme or outrageous conduct, a plaintiff can satisfy this requirement by showing that a defendant's conduct went beyond what is to be expected from a normal employment relationship. *Jersey v. John Muir Medical Center* (2002) 97 Cal.App.4th 814. Allegations of FEHA violations, such as harassment, are sufficient to support a claim for IIED. *Accardi v. Superior Court* (1993)

Dana Peterson                                                           *Kral. v. J Choo USA, et al.*
Elizabeth Levy
Heather Horn
October 31, 2023
Page 4

17 Cal.App.4th 341; *Shoemaker v. Myers* (1990) 52 Cal.3d 1. FEHA harassment is not a normal incident of employment and sufficient for IIED. *Nazir v. United Airlines, Inc.* (2009) 178 CA4th 243, 288. Plaintiff's allegations are sufficient to meet this standard.

In *Alcorn v. Anbro Eng., Inc.*, the Court found that a foreman who fired plaintiff and made racial epithets at him established IIED. *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493. The Alcorn Court held that by virtue of the plaintiff's race, sensitivity to racial insult and the power that the defendant wielded over the plaintiff through the employment relationship, a trier of fact could conclude that the defendants' conduct was outrageous, and that it caused the plaintiff to sustain severe emotional distress. See also *Zimmermann v. Associates First Capital Corp.* (2nd Cir. 2001) 251 F3d 376, 385 [Manager's acknowledgment that he had received training in "hiring practices and equal opportunity" permitted an inference that he was aware his acts violated Title VII]. In *Murray v. Oceanside Unified School Dist.* (2000) 79 Cal.App.4th 1338, 1362, the Court also found that the Plaintiff could assert an IIED claim based on emotional distress resulting from sexual harassment.

Thus, as the Complaint clearly names Defendant Chilstrom as a California resident, there is no evidence that Chilstrom is not a California resident, and Plaintiff's allegations against Chilstrom are sufficient to state claims for FEHA harassment and IIED, diversity does not exist in the instant matter.

2. Plaintiff's Claims Are Not Preempted

Defendant claims that Plaintiff's Harassment and IIED claims, which are the two causes of action that Plaintiff has brought against Defendant Chilstrom are preempted by the Cal. Workers' Compensation Act, depriving the court of jurisdiction over those claims. That is incorrect.

Workers' compensation is not the exclusive remedy for physical or mental disabling injuries arising from employment when the injury results from conduct that falls "outside the normal course of employment" and/or when the employer's conduct falls within an express or implied exception to the exclusivity provision. See *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 16.

California courts have *consistently* recognized that FEHA claims, including for sex/gender harassment and discrimination, which cause emotional distress, are **not** part of the "normal risk of the employment relationship" and therefore workers' compensation is not the exclusive remedy. See *City of Moorpark v. Sup.Ct.* (1998) 18 Cal.4th 1143, 1156; see also *Gantt v. Sentry Ins.* (1992) 1 Cal.4th 1083. Here, Plaintiff has alleged sex/gender-based harassment, which has been recognized as conduct falling outside the normal risks of employment. The workers' compensation exclusivity rule does not apply.

Dana Peterson                                                    *Kral. v. J Choo USA, et al.*
Elizabeth Levy
Heather Horn
October 31, 2023
Page 5

3.  <u>Defendant Cannot Prove the Amount In Controversy Exceeds $75,000.00</u>

Defendant has also failed to produce sufficient evidence that the value of the instant action exceeds $75,000.00, a prerequisite for diversity. See *Indus. Tectonics, Inc. v. Aero Alloy*, (9th Cir. 1990) 912 F.2d 1090, 1094. Indeed, conclusory allegations as to the amount in controversy in a notice of removal are insufficient. *Williams v. Best Buy Co., Inc.*, 269 (11th Cir. 2001) F.3d 1316, 1319; *Gaus v. Miles, Inc*., *supra*, 980 F.2d at 566. Further, the amount in controversy is determined from the allegations or prayer of the complaint. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, (1938), 303 U.S. 283, 289. Here, though Defendant speculates as to the nature of Plaintiff's damages, Defendant lacks the necessary factual basis for this conjecture to overcome the burdensome presumption against removal.

For the above listed reasons, please agree to stipulate to remand by close of business of Thursday, November 2, 2023. If we do not hear from you by then, we will be forced to bring a motion to remand and will request attorneys' fees and sanctions. Please feel free to contact me to discuss further.

Very truly yours,

REISNER & KING LLP

IAN STERLING

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident of the State of California; I am over the age of 18 years and not a party to the within action; my business address is 15303 Ventura Blvd, Suite 1260, Sherman Oaks, CA 91403.

On **November 17, 2023**, I served true copies of the following document(s) described as:

**DECLARATION OF IAN G. STERLING, ESQ. IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR SANCTIONS**

on the following interested parties in this action:

Dana L. Peterson, Esq.
dpeterson@seyfarth.com
Elizabeth M. Levy, Esq.
elevy@seyfarth.com
Heather E. Horn, Esq.
hhorn@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
**Attorneys for Defendant J Choo USA, Inc.**

__X__ **BY ELECTRONIC FILING:** I hereby certify that on November 17, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt.

__X__ **BY MAIL**: I enclosed the document in a sealed envelope/package addressed to the addressees designated and placed it for mailing, following our ordinary business practices. I am readily familiar with the mailing practice of my place of employment in respect to the collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business with postage fully prepaid.

## PROOF OF SERVICE

    __X__    **(FEDERAL) I declare under the penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.**

Executed on **November 17, 2023**, at Sherman Oaks, California.

/s/ Lorina Jasso