JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-08845-MCS-PVC | Date February 7, 2024 |
| Title *Miranda Kral v. J Choo USA, Inc. et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER ON MOTION TO REMAND AND REQUEST FOR SANCTIONS (ECF NO. 14) (JS-6)

Plaintiff Miranda Kral moves to remand this case to the state superior court from which it was removed and requests sanctions in the form of her attorneys' fees and costs incurred in bringing the motion. (Mot., ECF No 14.) Defendant J Choo USA, Inc. ("JCUSA") opposed the motion. (Opp'n, ECF No. 15.) The Court heard argument on January 8, 2024. (Mins., ECF No. 20.)

## I. BACKGROUND

Plaintiff initiated this action in the Los Angeles County Superior Court to recover damages allegedly sustained from workplace harassment, discrimination, retaliation, wrongful termination, and intentional infliction of emotional distress. (Compl. ¶¶ 1–133, ECF No. 1-1.) Plaintiff brings three claims against her former supervisor, Defendant Jared Chilstrom[1]: harassment because of her sex/gender and

---

[1] Chilstrom has not been served. At the hearing on this motion, Plaintiff represented that she has attempted to serve Chilstrom several times with no success. After the hearing, Plaintiff filed a supplement with additional information about her attempts to complete service. (Suppl., ECF No. 19.) Setting aside whether the Court should consider an authorized and untimely brief in connection with the motion, the

harassment because of her sexual orientation in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code §§ 12940 et seq., (Compl. ¶¶ 3, 9(a)–(g), 51(a)–(g)), and intentional infliction of emotional distress, (*id.* ¶¶ 134–46). Plaintiff brings those and additional claims against JCUSA. (*See generally* Compl.) Chilstrom is a citizen of California. (*Id.* ¶ 3; *see also* Notice of Removal ("NOR") ¶¶ 24–29; ECF No. 1.) Notwithstanding, JCUSA removed the case to federal court, asserting diversity jurisdiction and arguing Chilstrom's citizenship should be disregarded because he is a sham defendant. (NOR ¶¶ 8–9, 24–29.)

## II.  LEGAL STANDARDS

### A.  Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). A defendant may remove to federal district court a civil action brought in state court when a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotation marks omitted). In evaluating a claim of fraudulent joinder, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse]

---

supplement's contents are immaterial because Plaintiff's failure to serve Chilstrom prior to JCUSA removing this case does not abrogate 28 U.S.C. § 1332(a)'s requirement of complete diversity. *See Lopez v. United Parcel Serv., Inc.,* No. SACV 21-01492-CJC (DFMx), 2021 WL 5122293, at *2 (C.D. Cal. Nov. 3, 2021).

defendants.'" *Id.* (alteration in original) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

### B. Sanctions

Pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11, Plaintiff requests attorneys' fees associated with bringing the motion to remand. (Mot. 17–18.) "Absent unusual circumstances, courts may award attorney[s'] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A court may issue sanctions under Rule 11(c) if the court determines that a filing was presented for an improper purpose or is factually or legally frivolous. Fed. R. Civ. P. 11(b)–(c).

## III. DISCUSSION

### A. Motion to Remand

For this Court to maintain jurisdiction over the matter, JCUSA must show that there is no possibility Plaintiff can recover against Chilstrom on any claim. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). Because remand is required if Plaintiff can sustain just one claim against Chilstrom, *id.*, the Court need only evaluate the sufficiency of Plaintiff's first claim against Chilstrom for harassment based on sex/gender under the FEHA, (Compl. ¶ 9(a)–(g)).

JCUSA argues Plaintiff cannot maintain any claim for harassment against Chilstrom under the FEHA based on the purported verbal comments alone because "Plaintiff's allegations are based on conduct that is part of the normal employment relationship," (NOR ¶ 36), and because Plaintiff's claims fail to show her "employment 'permeated with . . . intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment,'" (Opp'n 9 (quoting *Haley v. Cohen & Steers Cap. Mgmt., Inc.*, 871 F. Supp. 2d 944, 958 (N.D. Cal. 2012))). Under the FEHA, it is unlawful "[f]or an employer . . . or any other person, because of . . . sex[ or] gender . . . to harass an employee." Cal. Gov't Code § 12940(j)(1). To constitute

harassment, conduct must be "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive work environment." *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999) (alteration in original) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). In California, "a single incident may be enough to constitute a hostile work environment in the context of a workplace harassment claim." *Vazquez v. Costco Wholesale Corp.*, No. CV 21-2563 PSG (JCs), 2021 WL 1784342, at *3 (C.D. Cal. May 5, 2021) (citing Cal. Gov't Code § 12923(b)).

Plaintiff alleges that Chilstrom harassed her based on her sex/gender. (Compl. ¶¶ 3, 9(a)–(g)). Plaintiff further alleges that, because of these characteristics, Chilstrom harassed her throughout the course of her employment by making demeaning, harassing, sex/gender-based comments to her. (*Id.*) JCUSA argues the statements Plaintiff attributes to Chilstrom are insufficient for her to prevail on her sex/gender harassment claim under FEHA because the statements are neither severe nor pervasive. (*See* Opp'n 9–11.) In support of its argument, JCUSA cites unpublished, nonbinding authority where courts found plaintiffs could not sustain harassment claims against their individual supervisors under the FEHA. (*Id.*) Both cases are distinguishable on their facts. In *Mendoza v. Staples, Inc.*, the district court found that comments made by a supervisor defendant to the plaintiff regarding her age were insufficient to state a claim for harassment under the FEHA because they occurred on just two isolated occasions. No. CV 14-07837 BRO (FFMx), 2014 WL 6670221, at *4 (C.D. Cal. Nov. 24, 2014). However, the court found the comments could "conceivably go beyond [the individual defendant's] supervisory role and could have been engaged in for personal gratification." *Id.* Thus, the court rested its finding not on the nature of the supervisor's comments, but the infrequency of the comments.[2] Similarly, in *Wexler v. Jensen Pharmaceuticals, Inc.*, the district court found the plaintiff could not sustain a claim against her supervisor under the FEHA for two isolated comments related to the plaintiff's age over a two-year period because, taking all of supervisor's actions together, this was "neither severe nor pervasive, such that they arguably altered the conditions of Plaintiff's employment." No. CV 15-03518-AB (AJWx), 2015 WL 6159101, at *5 (C.D. Cal. Oct. 20, 2015.)[3]

---

[2] The Court also questions whether *Mendoza* remains good law. The circuit court has since clarified that courts must evaluate whether the plaintiff could state a claim against a purportedly fraudulently joined defendants upon amendment. *See GranCare*, 889 F.3d at 550. The *Mendoza* court did not engage in such an analysis.
[3] JCUSA also cites *Pineda v. Abbott Laboratories, Inc.*, No. 2:18-cv-03395-SVW-RAO, 2018 WL 3487111, at *2–4 (C.D. Cal. July 18, 2018), in support of its

Here, Plaintiff alleges that Chilstrom made several harassing, sex/gender-based comments to Plaintiff about female customers' bodies on a daily basis, (Compl. ¶ 9(a), *see also id.* ¶ 9(e)), and that he repeatedly told her he didn't respect her because of her sex/gender, (*id.* ¶ 9(b)). Plaintiff provides direct quotations of the purported comments and avers Chilstrom made the comments continuously throughout her employment with JCUSA from November 2021 until her termination on August 18, 2022. (*Id.* ¶¶ 7, 9.) JCUSA fails to demonstrate it is "obvious under settled state law" that Plaintiff cannot prevail against Chilstrom on this claim, *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006), and it is conceivable based on the allegations in the complaint that Plaintiff could in fact recover against him. JCUSA has failed to show "there is no possibility that the plaintiff could prevail on any cause of action . . . brought against the non-diverse defendant." *Id.* at *1. Therefore, remand is warranted. 28 U.S.C. § 1447(c).

### B.   Request for Sanctions

Plaintiff requests sanctions if the Court remands on the grounds that JCUSA's removal was "not based upon objectively reasonable grounds." (Mot. 17.) After a review of the record, the Court finds that Plaintiff has failed to establish that JCUSA's removal was not objectively reasonable, frivolous, or presented for an improper purpose. *Martin*, 546 U.S. at 138, Fed. R. Civ. P. 11(b)–(c). JCUSA removed the action to this Court arguing Chilstrom was a sham defendant and, therefore, his citizenship should not be considered for purposes of assessing diversity jurisdiction. JCUSA provided reasonable argument and legal authority to support its position. Though the Court ultimately disagrees with JCUSA, its position was objectively reasonable and neither frivolous nor presented for an improper purpose. (*See generally* NOR; Opp'n.) Therefore, Plaintiff's motion for sanctions is DENIED.

///

---

argument but provides no analysis relating Plaintiff's claims to those made in *Pineda*. (*See* Opp'n 10.) The Court fails to see the relevance of *Pineda*. There, the court found the plaintiff failed to allege a harassment claim under FEHA against his supervisor based solely on plaintiff witnessing his supervisor writing up and harassing older employees. 2018 WL 3487111, at *3. This is clearly different from Plaintiff's FEHA claims here, which are premised on statements Chilstrom purportedly made directly to her.

## IV. CONCLUSION

Plaintiff's motion to remand is GRANTED. Plaintiff's request for sanctions is DENIED. The case is remanded to the Los Angeles County Superior Court for further proceedings. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**